**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON**

TROY ANTHONY PERTUSET,

    **Plaintiff,**

v.                                                Case No. 2:16-cv-10554

MARGARET CLIFFORD,

    **Defendant.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

On November 4, 2016, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a Complaint under 42 U.S.C. § 1983 (ECF No. 3). The Complaint alleged that, on September 20, 2016, defendant Margaret Clifford ordered the plaintiff to live on a housing unit with a gang of prisoners who had attempted to extort money from him and had threatened his life. The plaintiff further alleged that this gang had previously assaulted several other prisoners.

The plaintiff further alleged that he informed Clifford of these threats and refused to live on that unit. Consequently, he was charged with a rule violation and placed in punitive segregation. He asserted that this conduct violated his Eighth Amendment rights. His Complaint sought an injunction requiring his placement in special management housing and also sought monetary damages. The plaintiff also filed a separate Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 5) seeking an Order that he not be returned to the housing unit where he was threatened when he was released from punitive segregation.

On November 11, 2016, the plaintiff filed a Motion to Dismiss (ECF No. 11), in which he indicated that he had been transferred from MOCC to the Denmar Correctional Center ("DCC") and that, due to his new housing assignment, he "no longer requires the assistance of the court." However, before the court took any action on the Motion to Dismiss, the plaintiff filed a "Motion to Revive Suit Against Respondent" (ECF No. 12). In that motion, the plaintiff states that he was returned to MOCC and was subsequently assaulted by the prison gang that had previously threatened his life. Thus, the plaintiff states that he is "in need of the court's assistance as the prison has displayed a great disregard for his safety and deliberately housed him with the gang that threatened his safety and made good on said threat. Petitioner is under firm conviction that prison staff deliberately want him to suffer harm at the hands of the prison gang." (*Id.* at 2).

By separate Order, the undersigned has directed the plaintiff to file an Amended Complaint and an updated Application to Proceed Without Prepayment of Fees and Costs by June 8, 2017. In light of this Order, which will essentially enable the plaintiff to pursue this matter anew, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 5)[1], the plaintiff's Motion to Dismiss (ECF No. 11) and the plaintiff's Motion to Revive Suit Against Respondent (ECF No. 12).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston,

---

[1] As noted in *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011), well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") When the plaintiff was transferred from MOCC to DCC, his request for preliminary injunctive relief became moot. Because the plaintiff has been returned to MOCC, if he wishes to seek preliminary injunctive relief, he may file a new motion seeking such relief when he files his Amended Complaint.

United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

May 8, 2017

Dwane L. Tinsley
United States Magistrate Judge