**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**TROY PERTUSET,**

        **Plaintiff,**

**v.**                                                  **Case No. 2:16-cv-10554**

**MARGARET CLIFFORD,**

        **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On November 4, 2016, the plaintiff, who was then incarcerated at the Mount Olive Correctional Complex ("MOCC") in Mount Olive, West Virginia, filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a Complaint under 42 U.S.C. § 1983 (ECF No. 2) alleging that, on September 20, 2016, defendant Margaret Clifford ordered the plaintiff to live on a housing unit with a gang of prisoners who had attempted to extort money from him and had threatened his life. The plaintiff further alleged that this gang had previously assaulted several other prisoners.

The plaintiff further alleged that he informed Clifford of these threats and refused to live on that unit. Consequently, he was charged with a rule violation and placed in punitive segregation. He asserted that this conduct violated his Eighth Amendment rights. His Complaint sought an injunction requiring his placement in special management housing and also sought monetary damages. The plaintiff also filed a separate Motion for Temporary Restraining Order and Preliminary Injunction (ECF No.

5) seeking an Order that he not be returned to the housing unit where he was threatened when he was released from punitive segregation.

On November 11, 2016, the plaintiff filed a Motion to Dismiss (ECF No. 11), in which he indicated that he had been transferred from MOCC to the Denmar Correctional Center ("DCC") and that, due to his new housing assignment, he "no longer requires the assistance of the court." However, before the court took any action on the Motion to Dismiss, the plaintiff filed a "Motion to Revive Suit Against Respondent" (ECF No. 12). In that motion, the plaintiff stated that he was returned to MOCC and was subsequently assaulted by the prison gang that had previously threatened his life. Thus, the plaintiff stated that he is "in need of the court's assistance as the prison has displayed a great disregard for his safety and deliberately housed him with the gang that threatened his safety and made good on said threat. Petitioner is under firm conviction that prison staff deliberately want him to suffer harm at the hands of the prison gang." (*Id.* at 2).

Thus, on May 8, 2017, the undersigned entered an Order directing the plaintiff to file an Amended Complaint and an updated Application to Proceed Without Prepayment of Fees and Costs by June 8, 2017, and recommended that the plaintiff's pending motions be denied as moot. On June 6, 2017, the presiding District Judge adopted the undersigned's Proposed Findings and Recommendation and denied as moot the pending motions. However, the plaintiff failed to file an Amended Complaint by June 8, 2017, and he has failed to communicate with the court or participate in this litigation in any manner since.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial

court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The plaintiff failed to file an Amended Complaint as ordered by the court and he did not provide the court with any updated contact information.  Thus, this court is unable to move this matter forward.  Accordingly, the responsibility for the delay in the progress of this matter is entirely on the plaintiff; and dismissal appears to be the only appropriate sanction.  However, because the defendants were never served with process, a dismissal without prejudice may be less drastic.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, without prejudice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and **DENY AS MOOT** his initial Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at his last known address.

June 21, 2018

Dwane L. Tinsley
United States Magistrate Judge

4